IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| NOVO NORDISK A/S AND NOVO NORDISK INC., ) ) ) Plaintiffs, ) ) v. ) ) ETERNAL WELLNESS LLC D/B/A DE LA BELLE WELLNESS & SPA, ) ) ) Defendant. ) | Case No. 2:25-cv-02098-SHL-tmp |

**ORDER GRANTING JOINT MOTION FOR ENTRY OF FINAL JUDGMENT AGAINST DEFENDANT ETERNAL WELLNESS LLC D/B/A DE LA BELLE WELLNESS & SPA**

Before the Court is the Joint Motion for Entry of Final Judgment Against Defendant Eternal Wellness LLC d/b/a De La Belle Wellness & Spa, filed February 11, 2026. (ECF No. 30.) The parties explain that they "have reached an amicable settlement, whereby they have stipulated for an entry of the Final Judgment and Permanent Injunction," which they attached to the Motion. (Id. at PageID 156.) Therefore, for good cause shown, and based on the consent of the parties, the Motion is **GRANTED** consistent with the following terms:

It appearing that plaintiffs Novo Nordisk A/S and Novo Nordisk Inc. (collectively, "Novo Nordisk") filed their Complaint in this action on January 30, 2025, and served defendant Eternal Wellness d/b/a De La Belle Wellness & Spa ("Defendant") with the Complaint on February 11, 2025.

It further appearing that the parties have agreed to settle and resolve this matter without further formal proceedings herein and, have consented to entry of this Order and Final Judgment in connection with such resolution of this action; and

The Court finding good cause therefor;

**NOW, THEREFORE**, by stipulation and agreement of the parties, and with the consent of counsel for plaintiffs and counsel for defendant, and for good cause shown,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and has jurisdiction over Defendant.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

3. Plaintiff Novo Nordisk's Complaint states causes of action against Defendant for trademark infringement, false advertising and unfair and deceptive trade practices in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and the Tennessee Consumer Protection Act, § 47-18-101 et seq.

4. Without the consent of plaintiff Novo Nordisk, Defendant has engaged in advertising, marketing, and promotion of compounded drug products purporting to contain semaglutide that have not been approved by the U.S. Food & Drug Administration (the "FDA") but are not genuine Novo Nordisk FDA-approved, semaglutide-based medicines ("Unapproved Compounded Drugs") that falsely suggests that: (i) the Unapproved Compounded Drugs offered and sold by Defendant are FDA-approved and are interchangeable with or equivalent to and contain the same semaglutide as genuine, FDA-approved Novo Nordisk medicines; (ii) the Unapproved Compounded Drugs have been reviewed by the FDA for safety, effectiveness, or quality or have been demonstrated to the FDA to be safe or effective for their intended use (iii) Defendant and its Unapproved Compounded Drugs are sponsored by, associated with, or affiliated with Novo Nordisk and Novo Nordisk's FDA-approved, semaglutide-based medicines; (iv) the Unapproved Compounded Drugs offered by Defendant achieve or have been shown or

proven to achieve therapeutic results, effects, or outcomes; (v) the Unapproved Compounded Drugs achieve or have been shown or proven to achieve therapeutic results, effects, or outcomes similar or identical to Novo Nordisk's FDA-approved, semaglutide-based medicines; and (vi) the Unapproved Compounded Drugs contain any ingredient (including semaglutide) that is supplied by Novo Nordisk, is approved by the FDA, or is the same as any ingredient in any Novo Nordisk product.

5. Defendant's actions as described above are likely to cause deception and violate Novo Nordisk's rights under the Lanham Act and state law.

6. Defendant, its officers, directors, shareholders, owners, agents, servants, and employees, and all those in active concert or participation with them, are hereby **PERMANENTLY ENJOINED** from:

    (a) advertising, stating, or suggesting that any Unapproved Compounded Drugs, including any Unapproved Compounded Drugs that either are available, directly or indirectly, from or through Defendant or the use of which or access to which is facilitated by, or with the involvement of, Defendant:

        (1) are, or contain, genuine or authentic Novo Nordisk OZEMPIC, WEGOVY, or RYBELSUS medicines;

        (2) are sponsored by or associated with Novo Nordisk;

        (3) are approved by the FDA; have been reviewed by the FDA for safety, effectiveness, or quality; or have been demonstrated to the FDA to be safe or effective for their intended use;

(4) achieve or have been shown or proven to achieve therapeutic results, effects, or outcomes, including by relying on or making reference to clinical trial results for Novo Nordisk's medicines;

(5) achieve or have been shown or proven to achieve therapeutic results, effects, or outcomes similar or identical to Novo Nordisk's medicines or are interchangeable with or equivalent to genuine Novo Nordisk medicines;

(6) are associated or connected with Novo Nordisk or Novo Nordisk's medicines; or

(7) contain any ingredient (including semaglutide) that is supplied by Novo Nordisk, is approved by the FDA, or is the same as any ingredient in any Novo Nordisk medicine.

7. **IT IS FURTHER ORDERED** that, for twelve months from the date of entry of this Order and Final Judgment, Defendant shall conspicuously and prominently disclose in any materials for any Unapproved Compounded Drugs, including all advertising, marketing, and promotional materials, that: (a) the Unapproved Compounded Drugs are compounded drugs that have not been approved by the FDA; have not been reviewed by the FDA for safety, effectiveness, or quality; and have not been demonstrated to the FDA to be safe or effective for their intended use; (b) the processes by which the compounded drugs are manufactured have not been reviewed by the FDA; and (c) FDA approved products containing semaglutide are available.

8. The parties having agreed to a confidential settlement agreement that resolves Novo Nordisk's claims, no award is included in this Order and Final Judgment.

9. Judgment will be entered in favor of plaintiff Novo Nordisk as set forth above. All claims asserted in this action will be dismissed without prejudice, except that this Court shall retain jurisdiction for the purpose of enforcing the parties' settlement agreement, this Order and the Final Judgment, and as otherwise provided herein. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381–82 (1994).

10. In accordance with the Lanham Act, 15 U.S.C. § 1116, the Clerk of Court shall notify the Director of the Patent and Trademark Office of the entry of this Order and Final Judgment, who shall enter it on the records of the Patent and Trademark Office.

11. This Order and Final Judgment shall be deemed to have been served on Defendant, its officers, directors, shareholders, owners, agents, servants, and employees, and all those in active concert or participation with them as of the date of entry hereof by the Court.

**IT IS SO ORDERED,** this 12th day of February, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE